O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Case Nos. **EDCV 14-02135-VAP** EDCR 12-00084-VAP |
| Plaintiff/Respondent, | **ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255** |
| v. | |
| Haki Dervishi, | **[Motion filed on October 16, 2014]** |
| Defendant/Movant. | |

## I.  SUMMARY OF PROCEEDINGS

On or about October 16, 2014, pro se Petitioner Haki
Dervishi filed this "Motion to Set Aside, or Correct
Sentence by a Person in Federal Custody" pursuant to 28
U.S.C. § 2255 ("Motion").  (Doc. No. 66.)[1]  The
government opposed the Motion on January 16, 2015, (Doc.
No. 69), to which Petitioner responded on February 3,
2015 (Doc. No. 70).  Petitioner pleaded guilty to

_____

[1] Docket citations refer to entries in Petitioner's
underlying criminal matter, United States v. Haki
Dervishi, No. 12-cr-84-VAP (C.D. Cal.).

1 violations of 7 U.S.C. § 2024(b) on June 18, 2013, (Doc.

2 No. 30), and now challenges the legality of his sentence.

3 Petitioner bases his motion on a purportedly incorrect

4 calculation of his sentencing range under the United

5 States Sentencing Guidelines.  (See generally Doc. No.

6 66.)

7

8 **II.   BACKGROUND**

9 **A.   Petitioner's Conviction and Sentence**

10      On November 7, 2012, a grand jury in this district

11 returned a seven-count indictment against Petitioner

12 arising out of an illegal scheme to trade cash for

13 federal food stamp benefits.  (Doc. No. 1.)  On June 18,

14 2013, Petitioner pleaded guilty to count three of the

15 indictment, which charged him with "illegal trafficking

16 in food stamp benefits in violation of Title 7, United

17 States Code, Section 2024(b), and aiding and abetting,

18 causing an act to be done in violation of Title 18,

19 United States Code, Section 2."  (Doc. No. 29 at 2.)  As

20 part of Petitioner's guilty plea, he waived his right to

21 appeal the conviction and also waived his right to appeal

22 most aspects of his sentence.  (Doc. No. 29 ¶¶ 16, 17.)

23 Defendant's waiver of appeal of his sentence was

24 contingent upon the imposition of a total term of

25 imprisonment of no more than 78 months.  (Doc. No. 29

26 ¶ 17.)

27

28

1    The Court imposed a sentence of 42 months

2  imprisonment, and ordered restitution paid to the United

3  States Department of Agriculture in the amount of

4  $3,511,878, pursuant to 18 U.S.C. § 3663A.  (Doc. No.

5  45.)  Because the term of imprisonment actually imposed

6  was 42 months, (id.), Petitioner in fact waived his

7  appellate rights regarding his sentence.  On June 4,

8  2014, the United States Court of Appeals for the Ninth

9  Circuit granted Petitioner's motion for voluntary

10  dismissal of his direct appeal.  (Doc. No. 62.)

11

12  **B.    Petitioner's Presentence Investigation Report**

13    Petitioner's motion argues the Presentence

14  Investigation Report ("PSR") prepared by the United

15  States Probation Office incorrectly calculated his

16  sentencing range under the United States Sentencing

17  Guidelines.  Petitioner's PSR categorized his Total

18  Offense Level as 24, his Criminal History Score as III,

19  and provided for a recommended Guideline Sentence of 63

20  to 78 months.  (Doc. No. 36 ¶¶ 39, 57.)  The PSR also

21  states the amount of loss resulting from the scheme

22  totalled $3,511,878.  (Id. ¶ 32.)

23

24              **III.   LEGAL STANDARD**

25    Section 2255 authorizes the Court to "vacate, set

26  aside or correct" a sentence of a federal prisoner that

27  "was imposed in violation of the Constitution or laws of

28

1 the United States."  28 U.S.C. § 2255(a).  Claims for

2 relief under § 2255 must be based on some constitutional

3 error, jurisdictional defect, or an error resulting in a

4 "complete miscarriage of justice" or in a proceeding

5 "inconsistent with the rudimentary demands of fair

6 procedure."  United States v. Timmreck, 441 U.S. 780,

7 783-84 (1979).  If the record clearly indicates that a

8 movant does not have a claim or that he has asserted "no

9 more than conclusory allegations, unsupported by facts

10 and refuted by the record," a district court may deny a

11 § 2255 motion without an evidentiary hearing. United

12 States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986); see

13 also United States v. Chacon-Palomares, 208 F.3d 1157,

14 1159 (9th Cir. 2000) ("When a prisoner files a § 2255

15 motion, the district court must grant an evidentiary

16 hearing '[u]nless the motion and the files and records of

17 the case conclusively show that the prisoner is entitled

18 to no relief.'" (quoting 28 U.S.C. § 2255)).

19

20 **IV.  DISCUSSION**

21 **A.  Grounds for Relief**

22 Construing Petitioner's motion liberally, it raises

23 three grounds for relief.  First, Petitioner asserts the

24 PSR "was not investigated thoroughly," resulting in

25 erroneous calculations of his criminal history and

26

27

28

1  offense level.[2]  (Doc. No. 66 at 7-9.)  Second,

2  Petitioner contends the PSR incorrectly calculated his

3  criminal history score because the PSR stated Petitioner

4  was on probation for a previous state conviction at the

5  time of the offense of conviction.  (Doc. No. 66 at

6  9-11.)  Third, Petitioner challenges the PSR's amount-of-

7  loss calculation.[3]  Thus, all Petitioner's challenges

8  derive from the PSR's content.

9

10  **B.   Petitioner's Claims are Procedurally Defaulted**

11       "A § 2255 movant procedurally defaults his claims by

12  not raising them on direct appeal and not showing cause

13  and prejudice or actual innocence in response to the

14  default."  United States v. Ratigan, 351 F.3d 957, 962

15  (2003)(citing Bousley v. United States, 523 U.S. 614, 622

16  (1998), and Medrano v. United States, 315 F.2d 361, 361-

17  62 (9th Cir. 1963)).

18

19       Nonconstitutional sentencing issues "may not be

20  raised under § 2255 if [they were] not raised at

21  sentencing or on direct appeal."  United States v.

22  McMullen, 98 F.3d 1155, 1157 (9th Cir. 1996); United

23  _____

24       [2] Petitioner's first ground for relief essentially
    asserts his innocence based on a theory of entrapment by
25  estoppel; he states he received reassurance from the
    Department of Agriculture in 2011 and 2012 that he could
26  "keep on doing what he was doing."  (Doc. No. 66 at 7-9.)

27       [3] The Government restates Petitioner's third ground
    for relief as a challenge to the amount of restitution
28  ordered by the Court.  (Doc. No. 69 at 3.)

1  States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1995).

2  It is well-settled that "computational errors in a

3  petitioner's presentence report do not give rise to a

4  constitutional issue."  Id.; United States v. Keller, 902

5  F.2d 1391, 1393 (9th Cir. 1990).

6

7      The transcript of Petitioner's sentencing hearing

8  does not indicate any objections to the PSR's findings or

9  calculations relevant to Petitioner's motion.[4]

10 Petitioner waived his appellate rights as part of his

11 plea deal, has not challenged the validity of that waiver

12 here, and he voluntarily withdrew his direct appeal.

13 Therefore, section 2255's procedural bar precludes

14 Petitioner's motion insofar as it seeks relief from any

15 claim not raised at sentencing or on direct appeal.[5]

16

17

18

19

20      [4] Petitioner's sentencing memorandum raised an
   objection to the PSR's amount-of-loss calculation, but at
   the sentencing hearing Petitioner's counsel stated he
21 agreed with the Court's characterization of that
   objection as an argument under 18 U.S.C. § 3553(a), not
22 the guidelines.  (See Sent. Hr'g Tr. 9.)  Further,
   Petitioner stipulated to a loss amount of more than
23 $2,500,000 but less than $7,000,000 in the plea
   agreement.  (Doc. No. 29 at 10.)

24
        [5] As the government points out, the PSR erroneously
25 added 2 points to Petitioner's criminal history score
   under U.S.S.G. § 4A1.1(d).  (Doc. No. 69 at 6 n.2.)
26 Petitioner was not, in fact, on probation at the time of
   the offense of conviction.  The PSR recommended a
27 criminal history score of III, which the Court reduced to
   II at the sentencing hearing.  Thus, as explained in
28 greater detail below, any error was inconsequential.

1

2    **C.   Petitioner's Counsel was not Ineffective**

3         Petitioner does not claim his counsel was

4    ineffective, but even if he did such a claim would fail.

5    To establish ineffective assistance of counsel, a

6    defendant must prove: (1) "counsel's representation fell

7    below an objective standard of reasonableness," and (2)

8    "there is a reasonable probability that, but for

9    counsel's errors, the result of the proceeding would have

10   been different."  <u>Strickland v. Washington</u>, 466 U.S. 668,

11   688, 694 (1984).  The "likelihood of a different result

12   must be substantial, not just conceivable."  <u>Harrington</u>

13   <u>v. Richter</u>, 562 U.S. 86, 112 (2011).

14

15        Petitioner's motion references his first lawyer,

16   Assistant Federal Public Defender Kay Otani, whom

17   Petitioner contends was "very much asleep" during his

18   representation, which concluded shortly after the plea

19   agreement.  (<u>See</u> Doc. No. 31.) (appointing new counsel

20   two weeks after the June 18, 2013 change of plea

21   hearing).  The major defect Petitioner complains of was

22   Attorney Otani's failure to investigate adequately his

23   previous state court convictions.  As noted, however,

24   Attorney Otani did not represent Petitioner through

25   sentencing and there is no allegation that Petitioner's

26   second appointed attorney fell below any standard of

27

28

7

1  competence, or disagreed with the factual basis of the

2  plea agreement.

3

4      Even if Petitioner's legal representation was

5  constitutionally defective, Petitioner cannot show he was

6  prejudiced by the defect for two reasons.  First, the

7  Court did not accept the PSR's calculation of

8  Petitioner's criminal history score, and accordingly

9  decreased it to II before imposing sentence.[6]  Thus,

10 although the PSR's suggested guidelines range contained a

11 factual error (that Petitioner was on probation at the

12 time of the offense of conviction), the Court imposed

13 sentence based on a guidelines calculation that did not

14 reflect the error.  Second, the Court's sentence departed

15 downward from the suggested guideline range.  Thus,

16 Petitioner cannot show a substantial likelihood that he

17 was prejudiced by the performance of his counsel and

18 would have received a lower sentence had his counsel more

19 diligently investigated his criminal background, and any

20 claim of ineffective assistance of counsel has no merit.

21

22

23

_____

24     [6] At sentencing, the Court based its sentence on a
   criminal history category of II, not III.  (See Sent.
25 Hr'g Tr. at 13) (calculating guidelines range and noting:
   "I am inclined to agree with the defense that that's an
26 overstatement of the seriousness of his past offenses
   . . . .  I think he should be in criminal history category
27 2 based on that.  So at criminal history category 2 and
   offense level 22, the Guideline range is . . . 46 to 57
28 months").

1

**V.   CONCLUSION**

2      All of Petitioner's grounds for relief are

3  procedurally defaulted, not cognizable under 28 U.S.C.

4  § 2255, or meritless.  Therefore the Court DENIES

5  Petitioner's Motion WITH PREJUDICE.  The record and files

6  in this case show Petitioner is not entitled to relief;

7  thus, no evidentiary hearing is required.

8

9  Dated: March 30, 2015

10                              VIRGINIA A. PHILLIPS
                        United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9